IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS MICHAEL SMITH,        :
     Petitioner             :
                                 :
      vs.                    :   CIVIL NO. 1:CV-12-2398
                                 :
THOMAS V. DURAN, et al.      :   (Judge Caldwell)
     Respondents        :
                                 :
                                 :

*M E M O R A N D U M*

I.  *Introduction*

        The pro se petitioner, Dennis Michael Smith, pled *nolo contendere* to four charges of aggravated assault under 18 Pa. Con. Stat. Ann. § 2702(a)(1) in the Court of Common Pleas of York County, Pennsylvania.  The charges arose from his attempt on February 29, 2008, to flee the police in his motor vehicle after selling cocaine to an informant in a controlled buy.  Petitioner had other charges against him, and the pleas were part of a plea bargain in which Petitioner pled *nolo contendere* to some offenses while other offenses were dismissed.

        He has filed a petition under 28 U.S.C. § 2254 seeking to vacate the four convictions for aggravated assault.  The sole ground for relief is that his trial counsel was ineffective in advising him to plead guilty to the aggravated-assault offenses when his conduct was insufficient to satisfy the elements of the offense.  More specifically,

Petitioner's claim is that his conduct did not exhibit the recklessness Pennsylvania law requires to support convictions for aggravated assault.

We will deny the petition.

II.   *Background*

In 2008, Petitioner had several cases docketed against him in York County's court of common pleas.  In No. CP-67-CR-2743-2008, there were twenty-nine counts, all arising from the events of February 29, 2008: five counts of aggravated assault under 18 Pa. Con. Stat. Ann. § 2702(a)(1), three counts of aggravated assault under 18 Pa. Con. Stat. Ann. § 2702(a)(2), three counts of aggravated assault under 18 Pa. Con. Stat. Ann. § 2702(a)(3), five counts of simple assault, five counts of recklessly endangering another person, and seven other charges.  In No. CP-67-CR-2827-2008, Petitioner was charged with one count of manufacturing/delivery/possession with intent to manufacture or deliver cocaine on February 29, 2008.  In No. CP-67-CR-4216-2008, Petitioner was charged with manufacturing/delivery/possession with intent to manufacture or deliver cocaine and with use or possession of drug paraphernalia, both occurring on April 9, 2008.  In No. CP-67-CR-4240-2008, Petitioner was charged with one count of manufacturing/delivery/possession with intent to manufacture or deliver cocaine on March 25, 2008.

On December 16, 2008, Petitioner was scheduled for trial on No. 2743 and No. 2827.  At that time, the prosecutor and trial counsel entered into a plea bargain on all four cases.  In No. 2743, Petitioner would enter a plea of nolo contendere to seventeen of

-2-

the twenty-nine counts: counts 1, 3, 4, 5, 7, 8, 10, 11, 18, 19, 20, 21, 22, 24, 27, 28 and

29 and the rest would be *nolle prossed.* (Counts 1, 3, 4, and 5 are the four aggravated

assault charges challenged in these section 2254 proceedings.) Petitioner would also

plead *nolo contendere* to the charges in the other cases. (Doc. 15-2, nolo contendere

transcript, ECF p. 29). The "overall structure" would cap Petitioner's sentence at nine to

eighteen years, with the defendant being allowed to argue at sentencing for a sentence

below that. (*Id.*, ECF p. 30).

The prosecutor made the following offer of proof in No. 2743. On February

29, 2008, the York County Drug Task Force successfully arranged a controlled buy of

cocaine from Petitioner. The buy took place in the front seat of Petitioner's Jeep

Cherokee. (*Id.*, ECF pp. 34-35). The prosecutor continued:

> The arrest signal was given. The arrest team moved in.
> Members of the Drug Task Force, specifically Trooper Keppel
> and Trooper Catroneo, attempted to pin in the vehicle. The
> car then took off. The individual struck two police cars and
> nearly struck Trooper Catroneo, who was out of his vehicle at
> the time. He had to abruptly jump out of the way to avoid
> being run over by the car.
>
> Officer Hobbs, West Manchester Township, arrived in a
> marked unit. He tried to block the Jeep and the driver
> maneuvered around that car and continued down Loucks
> Road at a high rate of speed. Trooper Keppel continued to
> follow the vehicle. The vehicle eventually crashed into
> another vehicle driven by Shante Ross at Loucks and Taxville
> Road. Her infant daughter was in that car. Both individuals
> were not injured.
>
> The Jeep again tried to flee. Trooper Keppel blocked the
> car again, and at that point the Jeep deliberately rammed into
> the trooper's car. The driver of the vehicle got out on foot and

-3-

fled.  Trooper Keppel initiated a pursuit as well as Officer
Hobbs, who arrived on the scene.

(*Id.*, ECF p. 35).  The court accepted Petitioner's *nolo contendere* pleas.  (*Id.*, ECF pp.

40-41).  In relevant part, on March 20, 2009, Petitioner was sentenced to five to ten years

on two of the four aggravated assault counts in No. 2743, to run concurrently to each

other, and to an aggregate sentence on all charges of eight and one-half to seventeen

years.  (Doc. 15-2, ECF p. 70).  The court later modified the sentence for reasons not

pertinent here.

Petitioner took a direct appeal which was dismissed for failure to file a

statement under Pa. R. App. P. 1925(b).  He then filed a petition under the Pennsylvania

Post Conviction Relief Act (PCRA).  42 Pa. Con. Stat. Ann. § 9541-9546.  The trial court

denied relief.  Petitioner took an appeal to the Pennsylvania Superior Court, raising the

same claim presented here – trial counsel was ineffective in advising him to plead *nolo*

*contendere* to the four aggravated assault charges.  In support, Petitioner claimed that

his conduct did not satisfy the degree of recklessness required as an element of a section

2702(a)(1) offense when the offense is based on the use of a motor vehicle.[1]

The superior court rejected the claim, relying on *Commonwealth v. Allen*,

833 A.2d 800 (Pa. Super. Ct. 2003).  In *Allen*, the defendant drove off the road and killed

---

[1] Section 2702(a)(1) provides as follows:

**Offense defined**.--A person is guilty of aggravated assault if he:

   (1) attempts to cause serious bodily injury to another, or causes such injury
   intentionally, knowingly or recklessly under circumstances manifesting
   extreme indifference to the value of human life; . . .

-4-

a pedestrian.  On appeal from denial of PCRA relief, the defendant argued counsel was

ineffective in advising him to plead *nolo contendere* to charges of third-degree murder

and aggravated assault when there was no factual basis for establishing malice.  The

superior court rejected the claim.  As summarized by the superior court in its PCRA

opinion here, "'a conviction based on malice is appropriate where evidence demonstrates

the element of *sustained recklessness* by a driver in the face of an *obvious risk of harm*

to his victims.'"  (Doc. 15-2, ECF p. 237, *Commonwealth v. Smith*, No. 1681 MDA 2010

(Pa. Super Ct. Nov. 18, 2011)(quoting *Allen*, 833 A.2d at 804 (quoting *Commonwealth v.*

*Kling*, 731 A.2d 145, 149 (Pa. Super. Ct. 1999)(emphasis in *Kling*)).  In *Allen*, according

to the superior court in its PCRA opinion here, this element was satisfied when the facts

showed that "the defendant's vehicle, after crashing into a guardrail at least once, hit and

impaled the victim; the defendant continued to drive until he stopped and was then

apprehended by the police."  (Doc. 15-2, ECF p. 236).  In *Allen* itself, the court provided

more facts:

> The testimony presented at the preliminary hearing
> demonstrates that prior to hitting the victim, Appellant crashed
> into the guardrail on at least one occasion.  Moreover, after
> hitting the victim, who became impaled on Appellant's
> windshield, Appellant continued driving his vehicle for another
> 2 ½ miles, despite [a witness's] repeated attempts to alert
> Appellant to the presence of the victim's body.  Finally, after
> the victim's body rolled off of Appellant's windshield, Appellant
> continued to drive for another 5 miles until he was stopped by
> the police.  Under the circumstances, we conclude that the
> evidence demonstrated a sustained recklessness by
> Appellant in the face of an obvious risk of harm to his victim.

*Id.* at 804.

The superior court found the instant case presented an analogous set of facts. As the court stated: "Similar to the defendant in *Allen*, [Petitioner] struck two police cars, almost hit an officer on foot, drove away 'at a high rate of speed, collided with a bystander's vehicle, and then 'deliberately rammed into the trooper's car.'" (Doc. 15-2, ECF p. 237). It concluded "that the record establishe[d] the malice necessary for an aggravated assault conviction." (*Id.*, ECF pp. 237-38).

In doing so, it also rejected Petitioner's claim that the absence of injuries to the victims and the minor damage sustained by the vehicles involved showed the lack of the requisite recklessness. The court reasoned that Petitioner was incorrectly relying on actual harm, when all that was needed was an "obvious risk of harm." (*Id.*, at ECF p. 238). Since Petitioner's claim that his conduct did not satisfy the elements of the offense lacked merit, it followed that counsel was not ineffective. (*Id.*).

The Pennsylvania Supreme Court denied a petition for allowance of appeal. *Commonwealth v. Smith*, No. 919 MAL 2011 (Pa. April 24, 2012). This 2254 petition followed.

III.   *Discussion*

Our habeas review of the state courts' resolution of Petitioner's ineffectiveness claim is governed by 28 U.S.C. § 2254(d)(1) and (d)(2). Under subsection (d)(1), we may grant the writ if the state courts' adjudication of the claim was contrary to clearly established Supreme Court precedent or an unreasonable application of that precedent. Under subsection (d)(2), we may grant the writ if the state courts'

adjudication of the claims "resulted in a decision that was based on a unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d)(2).[2]

Sixth Amendment claims for ineffective assistance of counsel are governed

by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Strickland* sets forth a two-prong test to establish ineffective assistance of counsel.  First,

counsel's performance must be deficient.  *Jacobs v. Horn,* 395 F.3d 92, 102 (3d Cir.

2005)(citing *Strickland*).  Second, counsel's deficient performance must have prejudiced

the defense. *Id.* (quoting *Strickland*).  A petitioner must "show 'that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different.'"  *Id.* at 105 (quoting *Strickland*).

Petitioner argues that counsel was ineffective because he did not explain to

him that aggravated assault under section 2702(a)(1) involving a motor vehicle requires a

showing of heightened or sustained recklessness rising to the level of malice, and that he

would not have pled guilty to the four counts of aggravated assault if his counsel had told

him this since his conduct did not rise to that level.

---

[2]    Petitioner argues we need not follow this standard because the superior court's
decision is an unreasonable application of law and an unreasonable determination of the facts.
(Doc. ECF p. 11 and following pages).  We disagree.  Petitioner is really arguing that the
superior court incorrectly decided his ineffectiveness claim.  In regard to his argument about
the facts, he also relies on footnote 2 to the court's opinion where it stated: "The record is not
clear, but it appears two police cars attempted to barricade [Petitioner's] vehicle." (Doc. 15-2,
ECF p. 232 n.2).  Petitioner cannot rely on this statement to avoid the standard of review as
this observation, uncertainty as to whether the police cars were  attempting to barricade
Petitioner's vehicle at the time he struck them, was not material to the court's resolution of his
claim.  The relevant fact is that Petitioner did indeed strike the two vehicles.

Although he insists that he is not raising a separate claim of trial-counsel ineffectiveness for failing to investigate, he supports his claim by arguing that his lawyer could have discovered facts that would have negated the required showing of heightened or sustained recklessness: (1) a convenience store surveillance tape which would have shown that he decreased his speed when he approached the intersection where Ross was driving; (2) photographs of the three vehicles Petitioner hit showing only minor damage; (3) and a statement from Shante Ross that Petitioner had decreased his speed when he approached the intersection where she was driving.

Given our standard of review, we cannot grant relief.  The superior court's ruling does not appear to be contrary to, or be an unreasonable application of, clearly established Supreme Court precedent, and Petitioner cites no Supreme Court cases indicating that it is.  Petitioner's argument that the superior court erred in deciding his ineffectiveness claim is essentially that the superior court erred in relying on *Allen* to resolve his claim because his case is factually distinguishable from *Allen*.

*Allen* certainly presents a fact situation more extreme than Petitioner's case.  As Petitioner essentially notes, and as stated by the superior court in *Allen*, the defendant crashed into a guardrail on at least one occasion even before he hit the victim; the victim became impaled on the windshield, but the defendant continued driving for another two and one-half miles despite a witness's repeated attempts to alert the defendant that the victim's body was on his car; and after the victim's body rolled off of

-8-

the defendant's windshield, the defendant continued to drive for another five miles until the police stopped him.   833 A.2d at 804.

Petitioner's conduct was not so extreme.   As he notes, no one suffered any injuries.   Nonetheless, as a federal habeas court, we cannot disturb the state court's ruling that his conduct as described by the prosecutor at the *nolo contendere* hearing was sufficient to satisfy the sustained recklessness element.   As noted by the superior court, Petitioner struck two police cars, almost hit an officer on foot, drove away at a high rate of speed, collided with Ross's vehicle, and then deliberately rammed into a trooper's car.[3]

Petitioner would mitigate these facts by asserting that he decreased his speed when he approached the intersection where Ross was driving, that this was a low-speed crash with minimal damage to her car, and that his collisions with the two troopers' cars were also low-speed and caused minimal damage.   This argument was presented to the superior court but did not sway it.   (Doc. 15-2, ECF p. 210, PCRA appellate brief).

Petitioner also asserts that the superior court's ruling conflicts with *Commonwealth v. O'Hanlon*, 539 Pa. 478, 653 A.2d 616 (1995), and *Commonwealth v. Kling*, 731 A.2d 145 (Pa. Super. Ct. 1999).   In *O'Hanlon,* the Pennsylvania Supreme Court said that the recklessness must "be such that life threatening injury is essentially certain to occur."   539 Pa. at 482, 653 A.2d at 618.   In *Kling*, the superior court said that the recklessness had to be such that "the defendant consciously disregarded an

---

[3]   We add that in his supporting brief in this court, Petitioner admits that he intentionally used his vehicle against Ross's vehicle.   ("Smith attempted to use his vehicle to push Ms. Ross' vehicle out of his way in an attempt to drive off.")(Doc. 2, ECF p. 4).

unjustified and extremely high risk that his actions might cause death or serious bodily injury." 731 A.2d at 148.  This argument misses the later language in *Kling*, upon which the courts in *Allen* and here in *Smith* relied, that recklessness for an aggravated assault conviction involving use of a motor vehicle can be satisfied by the driver's sustained recklessness in the face of an obvious risk of harm to his victims.  *Kling*, 731 A.2d at 149.

IV.  *Conclusion*

We will issue an order denying the section 2254 petition.  The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 13, 2014

-10-